IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:14cv662 |
| v. | ) ) | COMPLAINT |
| ORAN SAFETY GLASS, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Nicole Williams. Specifically, Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "Plaintiff"), alleges that Defendant Oran Safety Glass, Inc. ("Defendant") discharged Nicole Williams ("Williams") on the basis of her sex, female, as manifested in her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Richmond Division.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the state of Virginia and the city of Emporia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Nicole Williams filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about June 6, 2014, Defendant engaged in an unlawful employment practice at its Emporia, Virginia facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by willfully discharging Nicole Williams on the basis of her sex, female (pregnancy), as more fully set forth below.

8. On or around May 9, 2012, Defendant hired Williams as an Assistant Quality Control Supervisor at Defendant's Emporia, Virginia facility.

9. On or about May 25, 2012, Williams learned that she was pregnant.

10. On or about May 29, 2012, Williams notified Defendant of her pregnancy. Williams was not affected by her pregnancy in her ability to perform her job.

11. On or about June 8, 2012, Defendant terminated Williams' employment. Defendant knew at the time of Williams' termination that she was pregnant.

12. Prior to notifying Defendant about her pregnancy, Williams' work in her position was commended by Defendant's management. Moreover, Williams was not informed of any issues related to the performance of her job prior to her termination.

13. On or about June 8, 2012, Williams was discharged without warning by her supervisor. Williams' discharge occurred just ten (10) calendar days after she disclosed to Defendant that she was pregnant. Williams' supervisor was aware of Williams' pregnancy at the time Williams was discharged.

14. Defendant discharged Williams because of her sex, female, as manifested in her pregnancy.

15. The effect of the practices complained of above has been to deprive Nicole Williams of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female, as manifested in her pregnancy.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Nicole Williams.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against employees on the basis of sex, including pregnancy.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make Nicole Williams whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof, and lost and/or reduced employee benefits of Nicole Williams.

D.  Order Defendant to make Nicole Williams whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical expenses, job search expenses, and any other pecuniary losses, in amounts to be determined at trial.

E.  Order Defendant to make Nicole Williams whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F.  Order Defendant to pay Nicole Williams punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 24th day of September, 2014.

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        131 M Street, N.E.
        Washington, D.C. 20507

        LYNETTE A. BARNES
        Regional Attorney

        _____
        KARA G. HADEN (Va. Bar No. 39682)
        Supervisory Trial Attorney
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, N.C. 28202
        Phone: 704-954-6469
        Fax:   704-954-6412
        Kara.haden@eeoc.gov

        **ATTORNEYS FOR PLAINTIFF**